IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN J. CONNER,

    Plaintiff,

vs.                                              Case No. 05-1331-JTM

THE BOEING COMPANY,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on the defendant's Motion to Dismiss for Lack of Subject

Matter Jurisdiction (Dkt. No. 13) pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant

argues that the National Labor Relations Act (hereafter "NLRA") places exclusive jurisdiction of this

claim with the National Labor Relations Board (hereafter "NLRB").  Plaintiff argues that this case falls

outside of NLRB's jurisdiction. After reviewing the parties' arguments, the court finds in favor of

defendant.

## I. STANDARD OF REVIEW

"A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the

plaintiff is unable to prove any set of facts entitling [him] to relief under [his] theory of recovery."  Poole

v. County of Otero, 271 F.3d 955, 957 (10th Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41, 45-

46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The court must accept all the well-pled allegations of the

complaint as true and must construe them in the light most favorable to the plaintiff." Boyd v. Runyon,

No. 94-1557-JTM, 1996 WL 294330, at *1 (D. Kan. May 23, 1996) (citing Williams v. Meese, 926

F.2d 994 (10th Cir. 1991)).  "The [c]ourt, however, need not accept as true those allegations that are

conclusory in nature, i.e., which state legal conclusions rather than factual assertions." Fugate v. Unified

Gov't of Wyandotte, 161 F. Supp. 2d 1261, 1263 (D. Kan. 2001) (citing Hall v. Bellmon, 935 F.2d

1106, 1110 (10th Cir. 1991)).

## II. BACKGROUND

The court summarizes the factual background as set forth in plaintiff's complaint. Plaintiff Steven

J. Conner was a business management analyst employed by Boeing from 1984 until his termination in

June 2005.  Plaintiff was a member of the Wichita Technical/Professional group of the engineering

union, SPEAA, and was entitled to the benefits and protections of the collective bargaining agreement

between Boeing and the union.  Complaint, ¶ 3.  In July 2004, plaintiff's manager, Lana Lyda, became

angry at plaintiff over comments he made about her leadership of the group.  Complaint, ¶ 4.  Although

plaintiff's supervisor did not issue a corrective action memo against him, plaintiff later received a lower

raise than he had earned and was downgraded from an "R2" to an "R3" on Boeing's retention index.

"Plaintiff, exercising his rights as a union member, filed a grievance on both the lower raise and the

downgrading of his retention index."  Complaint, ¶ 4.  As a result of the grievances he filed, plaintiff's

position prevailed, he was awarded a larger salary increase and his retention rating was raised.

Complaint, ¶ 5.

In early 2005, plaintiff and other Boeing employees learned that part of Boeing's Wichita

operations might be sold.  To be considered for employment with the new company, plaintiff signed

under duress forms that allowed his personnel file to be shared with the purchaser. Complaint, ¶ 6.

Plaintiff was qualified for a position with, and expected to be hired by, the new purchaser, but his

manager and other Boeing employees "retaliated against him for winning the grievances that he had filed

and won as a union member" by making "false statements of material fact to the prospective purchaser

about the plaintiff's qualifications, experience and background." Complaint, ¶ 8.  As a result of this

retaliation, plaintiff was not hired and has suffered damages. Plaintiff brought an action alleging Boeing

tortiously interfered with his prospective business advantage, in violation of Kansas law.

**III. ANALYSIS**

The Garmon doctrine provides that the NLRB has exclusive jurisdiction over unfair labor

practices, preempting both state and federal court jurisdiction over acts arguably protected or

prohibited by the NLRA.  Cumpston v. Dyncorp Tech. Servs., No. 02-6268, 76 Fed. Appx. 861, 862

(Table), 2003 WL 21921919, at *1-2 (10th Cir. Aug. 13, 2003).  To avoid the danger of conflict

between congressional powers and state law, the Supreme Court ruled that "[w]hen it is clear or may

fairly be assumed that the activities which a State purports to regulate are protected by [section] 7 of

the National Labor Relations Act, or constitute an unfair labor practice under [section] 8, due regard

for the federal enactment requires that state jurisdiction must yield."  San Diego Bldg. Trades Council v.

Garmon, 359 U.S. 236, 244, 79 S.Ct. 773, 779 (1959).

Particularly applicable here are the requirements of Section 8 of the NLRA.  Section 8(a)(3) of

the NLRA defines an unfair labor practice as "discrimination in regard to hire or tenure of employment

or any term or condition of employment to encourage or discourage membership in any labor

organization." 29 U.S.C. § 158(a)(3).  Section 8(a)(4) prohibits an employer from "discharg[ing] or

otherwise discriminat[ing] against an employee because he has filed charges or given testimony under

this Act." 29 U.S.C. § 158(a)(4).   Both sections limit an employer's ability to discriminate against

those who have engaged in union activities or have been afforded the benefits of union membership.

The Garmon doctrine, however, is subject to several significant exceptions "when the state

court decides issues that do not threaten significant interference with the NLRB's jurisdiction."

Windfield v. Groen Div., Dover Corp. 890 F.2d 764, 767 (5th Cir. 1989) (citations omitted).

Conduct constituting a "peripheral concern" to federal labor law or that touches "deeply rooted" state

interests may be subject to state law, despite arguable NLRA coverage.  Id. at 767.  See Garmon, 359

U.S. at 243-44, 79 S.Ct. at 778-79; Belknap v. Hale, 463 U.S. 491, 509, 103 S.Ct. 3172, 3182

(1983).  In Farmer v. United Brotherhood of Carpenters and Joiners of America, Local 25, 430 U.S.

290, 305 (1977), the Supreme Court ruled that the NLRA did not preempt a plaintiff's tort claim of

intentional infliction of emotional distress.  The Court clarified that an "inflexible application of the

doctrine is to be avoided, especially where the State has a substantial interest in regulation of the

conduct at issue and the State's interest is one that does not threaten undue interference with the federal

regulatory scheme."  Id. at 302.

In providing an analytical framework to determine what claims may be pre-empted, the

Supreme Court emphasized that:

> [t]he critical inquiry, therefore, is not whether the State is enforcing a law relating specifically to
> labor relations or one of general application but whether the controversy presented to the state
> court is identical to (as in [Garmon]) or different from (as in Farmer) that which could have
> been, but was not, presented to the Labor Board. For it is only in the former situation that a
> state court's exercise of jurisdiction necessarily involves a risk of interference with the unfair
> labor practice jurisdiction of the Board which the arguably prohibited branch of the Garmon
> doctrine was designed to avoid.

Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 197, 98 S.Ct. 1745, 1757-1758 (1978).  The Tenth Circuit has clarified and distilled the Garmon doctrine as requiring an evaluation of three factors: "1) whether there exists a potential for direct conflict between federal labor law and policy and the state or federal cause of action; 2) whether there is a state interest which is 'deeply rooted in local feeling and responsibility;' and 3) whether adjudication of the federal or state cause of action interferes with the effective administration of national labor policy by deciding issues which are identical to those underlying the labor dispute." Hasten v. Phillips Petroleum Co., 640 F.2d 274, 277 (10th Cir. 1981).

Plaintiff raises several arguments to urge this court to maintain subject matter jurisdiction. Plaintiff argues: 1) that a claim of tortious interference with a prospective business advantage may be maintained independent of a resolution of controversy surrounding unfair labor practices; 2) that the conduct involved touches on interests that are deeply rooted in local feeling and responsibility; and 3) that this court's adjudication would not interfere with the effective administration of the national labor policy.

Although plaintiff emphasizes the fact that there is no labor dispute charge currently pending before the NLRB, this is not the court's focus.  Rather, the issue is whether the identical issue could have been, but was not presented to the NLRB.  Sears, 436 US at 197.  Here, plaintiff's claim of tortious interference with a prospective business expectancy is the equivalent of a retaliation claim arguably covered under §§ 8(a)(3) and 8(a)(4) of the NLRA.  Defendant's alleged misconduct was in response to plaintiff taking advantage of the protections provided him by virtue of his union

5

membership.  Retaliation based on union activities falls within the <u>Garmon</u> doctrine because it directly

relates to unfair labor practices, which are the domain of the NLRB.  This court's adjudication could

create direct conflict with federal labor law and may interfere with the effective administration of

national labor policy.  While claims of tortious interference touch a deeply rooted feeling of local

responsibility, in this instance the court lacks subject matter jurisdiction to address plaintiff's claim since

the NLRB has preemptive jurisdiction in retaliation claims based on union activities.

IT IS ACCORDINGLY ORDERED this 26th day of May 2006, that the court grants

defendant's Motion to Dismiss (Dkt. No. 13).


           s/ J. Thomas Marten
          J. THOMAS MARTEN, JUDGE